IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANNA MAE GRIFFIN, individually and as special administrator of the estate of Dempsey "Pete" Griffin, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )   Case No. 09-cv-0916-MJR-DGW<br>) |
| ACTAVIS TOTOWA, LLC,<br>ACTAVIS INC.,<br>ACTAVIS ELIZABETH, LLC,<br>MYLAN, INC.,<br>MYLAN PHARM. INC., and<br>MYLAN BERTEK PHARM., INC., | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

      Anna Mae Griffin filed suit in this Court against six companies alleged to have designed, manufactured, marketed, supplied and/or sold a prescription medication known as Digitek® (digoxin), an FDA-approved medicine used to treat heart failure and abnormal heart rhythms. The October 29, 2009 complaint alleges that Pete Griffin (an Illinois citizen) was prescribed and ingested Digitek various times from April 2006 through December 2007, after which he died and Anna was appointed special administrator of his estate. The complaint contains, inter alia, claims for negligence, wrongful death, breach of warranty, fraud, and violation of a West Virginia consumer protection statute.

      On threshold review, the Court directed Plaintiff's counsel to file an amended complaint or a jurisdictional memorandum furnishing information needed to verify that

federal subject matter jurisdiction lies. Plaintiff's counsel timely complied via amended complaint filed November 10, 2009 (Doc. 16). Review of that complaint reveals that this Court enjoys jurisdiction via the federal diversity statute, 28 U.S.C. § 1332, in that the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Now before the Court is a December 28, 2009 "Unopposed Joint Motion to Stay Proceedings" (Doc. 24) filed by Defendants. Put simply, the motion asks this Court to stay all proceedings in the Southern District of Illinois pending a ruling by the Judicial Panel on MultiDistrict Litigation (MDL) on whether to transfer this action as a tag-along case to over 500 similar cases involving Digitek® which are centralized before the United States District Court for the Southern District of West Virginia (MDL No. 1968).

Although cognizant that the MDL Panel is considering whether to transfer this action, the Court **DENIES at this time** the motion to stay all proceedings (Doc. 24).

The undersigned Judge generally does not stay pretrial proceedings pending MDL transfer. FEDERAL RULE OF PROCEDURE OF THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION 1.5 provides that the pendency of a motion for transfer to the MDL "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." Similarly, the MANUAL FOR COMPLEX LITIGATION, Federal Judicial Center, § 20.131 and § 22.35 (4th ed. 2004), states that during the pendency of a motion for MDL transfer, the court in which the action was filed retains jurisdiction over the case and need not suspend proceedings.

Although this Court declines to stay the matter, the undersigned Judge closely will monitor any further orders from the MDL Panel, including any final transfer order which may issue herein. In the meantime, the undersigned Judge will **TRACK** the case ("**TRACK C**") and assign a trial date. However, the Magistrate Judge assigned hereto (the Honorable Donald G. Wilkerson) **need not enter a Scheduling and Discovery Order** at this time and is respectfully requested to wait 90 days before proceeding with that step.

**IT IS SO ORDERED.**

**DATED January 5, 2010.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**
